UNITED STATES DISTRICT COURT

**FILED**

DISTRICT OF SOUTH DAKOTA

DEC 1 1 2008

WESTERN DIVISION

CLERK

| | | |
|---|---|---|
| HAROLD HUNT, | ) | CIV. 08-5081-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PENNINGTON COUNTY JAIL, | ) | |
| and MRS. RAGA, Head Nurse, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the Pennington County Jail.  He brings this action pursuant 42

U.S.C. § 1983 seeking damages arising from the failure to provide prescription medication.

Plaintiff also moves to proceed *in forma pauperis.*

## DISCUSSION

**A.     Screening**

The Court must review plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to

determine whether the complaint is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), "fails

to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), or "seeks

monetary relief against a defendant who is immune from such relief," 28 U.S.C.

§ 1915(e)(2)(B)(iii).  If the Court finds that the complaint falls under any of § 1915(e)(2)(B)'s

provisions, the Court "shall dismiss the case at any time . . . ." Id.  In addition to a review

under § 1915(e)(2)(B), the Court shall screen the complaint in a civil action as soon as

practicable pursuant to 28 U.S.C. § 1915A.

Section 1915A(a) provides that the Court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Id. (1996). For reasons identical to those provided in § 1915(e)(2)(B), the Court shall dismiss the complaint under § 1915A if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

Plaintiff takes two prescription medications, one for back pain and one for high blood pressure. Plaintiff's complaint states that on August 24, 2008, he requested his medications but was informed by prison staff that both prescriptions were out and needed to be reordered. Thirteen days later, plaintiff received his prescription medication. Plaintiff contends that, during the thirteen days without medication, he suffered from light headedness, dizziness, and headaches. He seeks $500,000 in damages due to negligence, and resulting pain and suffering.

It is true that the government has an "obligation to provide medical care for those who it is punishing by incarceration." Estelle v. Gamble, 429 U.S. 97, 103, 97 S. Ct. 285, 290, 50 L. Ed. 251 (1976). However, plaintiff's complaint alleges nothing more than negligence. Under prevailing Eighth Circuit case law, "[m]ere negligence does not rise to a constitutional violation," Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006), and therefore is not actionable under § 1983. As a result, plaintiff's complaint does not survive the Court's screening process because it fails to state a claim upon which relief may be granted. Accordingly, the complaint shall be dismissed.

**B.**     *In Forma Pauperis* **Determination**

28 U.S.C. § 1915(a)(1) and (2) provide in pertinent part as follows:

> [A]ny court of the United States may authorize the commencement,
> prosecution or defense of any suit, action or proceeding, civil or criminal, or
> appeal therein, without prepayment of fees or security therefor, by a person
> who submits an affidavit that includes a statement of all assets such prisoner
> possesses that the person is unable to pay such fees or give security therefor.
> . . .
>
> A prisoner seeking to bring a civil action . . . without prepayment of fees or
> security therefor, in addition to filing the affidavit . . . shall submit a certified
> copy of the trust fund account statement . . . for the prisoner for the 6-month
> period immediately preceding the filing of the complaint . . . obtained from
> the appropriate official of each prison at which the prisoner is or was
> confined.

In accordance with § 1915(a)(1) and (2), plaintiff has submitted an affidavit to the Court

showing that he is presently employed and earns approximately $270 per week.  Plaintiff has

also provided a certified prisoner trust account report verifying his account balance for the

preceding six months.  At the time the prisoner trust account report was filed, plaintiff's

current balance was zero, with an average monthly balance of $8.88.  His average monthly

deposits amount to $63.07.  As such, plaintiff has satisfied his burden under § 1915(a)(1) and (2)

to proceed *in forma pauperis*.

**C.**     **Conclusion**

Based upon the foregoing discussion, it is hereby

ORDERED that plaintiff Harold Hunt's complaint (Docket #1) is dismissed without

prejudice.

3

IT IS FURTHER ORDERED that plaintiff Harold Hunt's motion to proceed *in forma pauperis* (Docket #3) is granted.  Plaintiff is nevertheless obligated to pay the entire $350 filing fee.

IT IS FURTHER ORDERED that plaintiff Harold Hunt shall pay, as a partial payment of his court fees, an initial partial filing fee of $12.61, which is 20 percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of his complaint.

IT IS FURTHER ORDERED that plaintiff Harold Hunt shall be required to pay the applicable $350.00 filing fee in its entirety.  The institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the United States District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee is paid in full.

Dated this 11 day of December, 2008.

BY THE COURT:

RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE

4